(Docket Entry No. 353)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

NANCY PERLMAN,

    Plaintiff,

    v.                                    Civil No. 01-0651 (RBK)

VIRTUA HEALTH, INC. et al.,

    Defendants.

**O P I N I O N**

**KUGLER**, United States District Judge:

    This matter is before the Court in this personal injury diversity suit on a Local Civil Rule 7.1(i) Motion for Reconsideration filed by Defendant Sparta Surgical. The Court will deny this motion. Because the Court writes only for the benefit of the parties involved, it will explain its decision briefly and assume knowledge of the relevant facts of this case.

    Sparta Surgical urges this Court to reconsider its ruling that denied summary judgment on Plaintiff's claims. In particular, Sparta Surgical contends that the Court recognized an exception to the general rule of non-liability for a parent corporation that does not apply to this case. In its Opinion, the Court explained the deficiency of Sparta Surgical's motion papers as follows:

> Sparta's burden, as the moving party, cannot be met by mere citation to a general statement of law. This is especially so where, as here, the pleadings allege a situation where piercing the corporate veil and thus ignoring the parent-subsidiary relationship would be appropriate. Specifically, in paragraph 13 of the Ninth Amended Complaint, Perlman alleges 'Olsen and Sparta Olsen were the alter egos and mere instruments of defendants Sparta Surgical and [CEO Thomas Reiner], which so dominated them that they had no separate existence in fact.' Normally, pleadings alone are not enough to survive summary judgment; but the above pleadings have not been adequately challenged by Sparta Surgical. Therefore, Perlman will be left to her proofs on the allegations in paragraph 13.

Opinion of May 3, 2005, at p. 22.

The Court did not err in ruling that Perlman's Complaint alleged a situation where piercing the corporate veil may be appropriate. A finding of domination is the first step in deciding whether to pierce the corporate veil. OTR Associates v. IBC Services, Inc., 801 A.2d 407, 409 (N.J. Super. App. Div. 2002) ("[T]he basic finding that must be made to enable the court to pierce the corporate veil is that the parent so dominated the subsidiary that it had no separate existence but was merely a conduit for the parent.") (citation and quotation marks omitted). Additionally, a court must "find that the parent has abused the privilege of incorporation by using the subsidiary to perpetrate a fraud or injustice, or otherwise to circumvent the law." Id. (citation omitted). "And the hallmarks of that abuse are typically the engagement of the subsidiary in no independent business of its own but exclusively the performance of a service for the parent and, even more importantly, the undercapitalization of the subsidiary rendering it judgment-proof." Id. at 409-10. Perlman's Complaint sufficiently raises this exception to non-liability for a parent corporation by pleading (1) domination of Sparta Olsen by Sparta Surgical; (2) that

Sparta Olsen was an alter-ego of Sparta Surgical; (3) that Sparta Olsen had no separate existence in fact; and (4) that Sparta Olsen was a mere instrument for Sparta Surgical. Though it is true that Perlman does not allege fraudulent conduct in connection with this alleged alter ego relationship, fraud is not the only basis on which to pierce the corporate veil. See id.

It was not enough for Sparta Surgical to cite to general principles of law as its sole basis for summary judgment when Perlman had alleged a situation in which piercing the corporate veil may be appropriate. Sparta Surgical pointed to no facts in the record that undermined Perlman's allegations that Sparta Olsen was a mere instrument of Sparta Surgical or that Sparta Olsen was Sparta Surgical's alter ego. It may be that, in fact, it is inappropriate to pierce the corporate veil, but that issue was never properly before the Court.

Accordingly, because the Court has not overlooked a basis for granting Sparta Surgical summary judgment, Sparta Surgical's motion for reconsideration will be denied.

Dated: 6-29-05

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge